IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| OWEN K. McCURDY,<br><br>   Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of<br>the Social Security Administration,<br><br>   Defendant. | CV 18-132-GF-JTJ<br><br>**MEMORANDUM<br>AND ORDER** |

## INTRODUCTION

Plaintiff Owen K. McCurdy (McCurdy) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying his application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that McCurdy resides in Cascade County, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). The parties have consented to have the undersigned

conduct all proceedings in this matter and enter judgment. (Doc. 8).

## BACKGROUND

McCurdy is 59 years old. (Doc. 10 at 156). McCurdy is well educated. McCurdy has a bachelor's degree in paralegal studies, and a bachelor's degree in psychology. (Doc. 10. at 38). McCurdy has past work experience as a resident tech at Blue Thunder Lodge. (Doc. 10 at 39). McCurdy last worked in March 2015. *Id*.

McCurdy filed his application for Supplemental Security Income benefits on July 13, 2015. (Doc. 10 at 156). McCurdy alleged that he became disabled on October 25, 2014. *Id.* McCurdy alleged that he became disabled due to chronic obstructive pulmonary disease (COPD), paroxysmal supra ventricular tachycardia, sinus problems, anxiety, post traumatic stress disorder (PTSD), depression and alcoholism. (Doc. 10 at 62, 83).

An administrative law judge (ALJ) conducted a hearing on McCurdy's application for Supplemental Security Income benefits on August 22, 2017. (Doc. 10 at 34-60). The ALJ issued her decision on November 28, 2017. (Doc. 10 at 15-27). The ALJ determined that McCurdy did not qualify for Supplemental Security Income benefits because he possessed the residual functional capacity to perform his past work as a resident supervisor, as that work

"is generally performed." (Doc. 10 at 26).

McCurdy requested that the Administration Appeals Council (Appeals Council) review the ALJ's decision. (Doc. 10. at 153-155). The Appeals Council denied McCurdy's request for review. (Doc. 10 at 1-3). The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. (Doc. 10 at 1).

McCurdy filed the present appeal on October 22, 2018. (Doc. 2). The matter has been fully briefed. (Docs. 13,18 and 19). The Court is prepared to rule.

## **STANDARD OF REVIEW**

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

# BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whethis a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof under steps one through four. *Bustamante*, 262 F.3d at 954. The Commissioner bears the burden of proof under step five. *Id.* The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Does the claimant have an impairment that is severe or a combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Do any of the claimant's impairments "meet or equal" one of the impairments described in the listing of impairments in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954.

## BACKGROUND

### A. ALJ's determination

At step one, the ALJ determined that McCurdy had not engaged in substantial gainful activity since June 25, 2015, the date of his application. (Doc. 10 at 17).

At step two, the ALJ found that McCurdy had the following severe impairments: paroxysmal supraventricular tachycardia, COPD and cervical spine disorder. (*Id.*) The ALJ found that McCurdy also had the following non-severe

5

mental impairments: bipolar disorder and alcohol abuse. (Doc. 10 at 17, 21).

At step three, the ALJ found that McCurdy did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments. (Doc. 10 at 22).

Before considering step four, the ALJ determined McCurdy's residual functional capacity. The ALJ determined that McCurdy possessed the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a) subject to the following limitations: 1) McCurdy can push, pull, lift or carry 10 pounds occasionally and less than 10 pounds frequently; 2) McCurdy can stand and walk for 4 hours and sit for 6 hours in an 8-hour workday; 3) McCurdy can frequently balance, stoop, kneel, crouch or crawl; 4) McCurdy can occasionally climb ramps and stairs, and reach overhead (bilaterally); 5) McCurdy can never climb ladders, ropes, or scaffolds; 6) McCurdy can have occasional exposure to extreme cold, extreme heat or vibration; 7) McCurdy can have no exposure to unprotected heights, moving mechanical parts, or other workplace hazards. (Doc. 10 at 22-23).

At step four, the ALJ presented a hypothetical question to a vocational expert. The ALJ asked the vocational expert to consider a hypothetical person with the same age, work experience and educational background as McCurdy who

possessed the limitations described above. (Doc. 10 at 55-56). The vocational expert responded that such a hypothetical person could perform McCurdy's past work as a resident supervisor, as that work is generally performed. (Doc. 10 at 56-57). The ALJ determined that McCurdy was not disabled. (Doc. 10 at 27).

B. **McCurdy's Position**

McCurdy argues that the Court should reverse the Commissioner's decision and award him benefits or remand the matter for further review. (Doc. 13 at 13). McCurdy argues that the Commissioner's decision should be reversed for the following reasons:

1. The ALJ erred at step 2 when she failed to classify his mental impairments as severe;

2. The ALJ erred at step 3 when she failed to find that his COPD satisfied the criteria for a presumptive disability under 3.02C(1); and

3. The ALJ erred at step 4 when she failed to present a hypothetical question to the vocational expert that included the mental limitation proposed by his lawyer.

(Doc. 13 at 5-10).

C. **Commissioner's Position**

The Commissioner argues that the Court should affirm the ALJ's decision because his decision was based on substantial evidence and was free of legal error.

## DISCUSSION

A. **ALJ's failure to classify McCurdy's mental impairments as severe**

McCurdy argues that the ALJ erred at step two when she failed to classify his mental impairments as severe.

Step two of the five-step sequential inquiry is a threshold screening device. Step two is designed to "screen out" claimants who are ineligible for disability benefits because they have only minor impairments. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). The ALJ determines, at step two, whether the claimant has at least one severe impairment, or a combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* If the claimant is able to show that he has at least one severe impairment that significantly limits his physical or mental ability to do basic work activities, the ALJ must proceed to step three. An ALJ's failure to classify an impairment as severe at step 2 results in no prejudice to the claimant so long as the ALJ proceeds to step three and considers all of the claimant's medically determinable impairments when determining the claimant's residual functional capacity. *Buck*, 869 F.3d at 1049.

Here, the ALJ found that McCurdy had three severe impairments:

paroxysmal supraventricular tachycardia, COPD and cervical spine disorder.
Based on this finding, the ALJ preceded to step three. The ALJ considered all of
McCurdy's medically determinable impairments when she determined his residual
functional capacity. The ALJ's failure to classify McCurdy's mental impairments
as severe, resulted in no prejudice to McCurdy. *Id.*; see also, *Gray v.
Commissioner of Social Sec. Admin.*, 365 Fed. Appx. 60, 61 (9th Cir. 2010)
(unpublished). No reversible error occurred. *Id*.

> **B. ALJ's failure to find that McCurdy's COPD satisfied the criteria for a presumptive disability under Listing 3.02C(1)**

McCurdy argues that the ALJ erred at step 3 when she failed to find that his
COPD satisfied the criteria for a presumptive disability under Listing 3.02C(1).
Listing 3.02C(1) addresses chronic respiratory disorders. McCurdy argues that his
COPD satisfies the criteria for a presumptive disability under Listing 3.02C(1)
because his lung's diffusing capacity for carbon monoxide was measured at 10.4
ml of carbon monoxide per minute during a DLCO test.[1]

An ALJ determines, at step 3, whether the claimant has an impairment that
is so severe that he is presumed to be disabled regardless of his vocational

---

[1] DLCO means the diffusing capacity of the lungs for carbon monoxide. *See* Listing 3.00C(9). A DLCO test measures how well carbon monoxide diffuses from an individual's alveoli (air sacs) into the blood. *See* Listing 3.00F(1).

background. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). The claimant has the burden of proving that he has an impairment that meets or equals the criteria for a presumptive disability under 20 C.F.R. Part 404, Subpart P, Appendix 1. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

To satisfy Listing 3.02C(1) for chronic respiratory disorders, a person of McCurdy's height (70 inches) and age (59) must show: 1) that he has completed at least two DLCO tests; and 2) that his average CO diffusion rate was 11.5 ml of carbon monoxide per minute or less. *See* Listing 3.00F(1), (3)(d). McCurdy failed to satisfy the requirements of Listing 3.02C(1). The record shows that McCurdy completed only one DLCO test. (Doc. 10 at 338, 594). McCurdy's single DLCO test was completed on June 11, 2015, at Benefis Healthcare in Great Falls, Montana. *Id*. The ALJ did not commit legal error at step 3.

## C. ALJ's hypothetical question to the vocational expert

McCurdy argues that the ALJ's hypothetical question to the vocational expert at step 4 was legally deficient because it did not include the mental limitation proposed by his lawyer. McCurdy argues that the hypothetical should have stated that he could only perform work activities that involved "very little interaction" with supervisors, co-workers and the public. McCurdy argues that this mental limitation should have been included in the hypothetical question

10

because: 1) he testified, during the hearing on August 22, 2017, that he had problems getting along with co-workers and supervisors (Doc. 10 at 46-47, 49); and 2) a mental health counselor had opined on July 17, 2017, that he had a "marked" limitation with respect to his ability to interact appropriately with supervisors, co-workers and the public. (Doc. 10 at 645).

Hypothetical questions that an ALJ presents to a vocational expert must include all of the claimant's limitations that are credible and supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-1218 (9th Cir. 2005). Limitations that are not supported by substantial evidence need not be included in the hypothetical question. *Id.*; *Magallanes v. Bowen*, 881 F.2d 747, 756-757 (9th Cir. 1989). An ALJ may discount a claimant's testimony regarding the severity of an impairment so long as the ALJ offers specific, clear and convincing reasons for doing so. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). An ALJ may discount the opinions of a mental health counselor so long as the ALJ provides germane reasons for doing so. See *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *De Botton v. Colvin*, 672 Fed. Appx. 749, 751 (9th Cir. 2017) (unpublished).

Here, the ALJ discounted McCurdy's testimony regarding his inability to get along with co-workers and supervisors because the testimony was inconsistent

11

with statements that McCurdy had provided to mental health counselors in 2015 and in 2017. McCurdy reported to mental health counselors on November 12, 2015, and again on April 6, 2017, that he had a good employment performance history, that he had no difficulty maintaining occupational functioning, and that he had no difficulty with work relationships. (Doc. 10 at 517, 717). The reason provided by the ALJ for discounting McCurdy's testimony regarding his inability to get along with co-workers and supervisors was specific and convincing.

Mental health counselor Shauna Nagaoka-Symonds, PCLC,[2] filled out a Medical Source Statement for McCurdy on July 17, 2017. (Doc. 10 at 644-646). Ms. Nagaoka-Symonds checked boxes on the form indicating that McCurdy had "marked" limitations with respect to his ability to interact appropriately with supervisors, co-workers and the public. (Doc. 10 at 645).

The ALJ accorded Ms. Nagaoka-Symonds's opinion little weight. (Doc. 10 at 20). The ALJ stated that she accorded Ms. Nagaoka-Symonds's opinion little weight for three reasons: 1) Ms. Nagaoka-Symonds provided no explanation for her opinion; 2) Ms. Nagaoka-Symonds provided no objective evidence in support of her opinion; and 3) Ms. Nagaoka-Symonds's opinion was inconsistent with the opinions of examining psychologist Dr. Mark Mozer, Ph.D., and non-examining

---

[2] The designation PCLC indicates that Ms. Nagaoka-Seymonds was a professional counselor licensure candidate. *See* Mont. Code Ann. § 37-23-213(1).

psychologists Dr. Robert Bateen, Ph.D. and Dr. Marsha McFarland, Ph.D. (Doc. 10 at 20).

The ALJ did not err when she discounted Ms. Nagaoka-Seymonds's opinion regarding McCurdy's ability to interact appropriately with supervisors, co-workers and the public. Ms. Nagaoka-Seymonsds's opinion was not supported by reasoning or clinical findings. An ALJ may reject a "check-the-box" opinion that is not supported by an adequate explanation. *Molina*, 674 F.3d at 1111. Second, Ms. Nagaoka-Setmonds's opinion was inconsistent with the opinions of licensed psychologists Drs. Mozer, Bateen and McFarland. Drs. Mozer, Bateen and McFarland found that McCurdy had only a mild limitation with respect to his ability to interact with others. (Doc. 10 at 66, 76, 489). The ALJ was entitled to give greater weight to the opinions of the licensed psychologists. *Molina*, 674 F.3d at 1112.

The mental limitation proposed by McCurdy's lawyer was not supported by substantial evidence. The ALJ was not required to include the limitation in her hypothetical question to the vocational expert. *Magallanes*, 881 F.2d at 756-757.

## **CONCLUSION**

The ALJ's decision was supported by substantial evidence. The ALJ did not commit legal error.

**ORDER**

1. McCurdy's Motion for Summary Judgment (Doc. 12) is DENIED.

2. The Commissioner's decision to deny benefits to McCurdy is AFFIRMED.

3. This case is DISMISSED with prejudice.

4. The Clerk is directed to enter judgment accordingly.

DATED this 13th day of April, 2020.

_____
John Johnston
United States Magistrate Judge